IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
           Plaintiff,

vs.                                          No. CR 14-415 JP

ANTHONY CHEUN,
           Defendant.

### DEFENDANT ANTHONY CHEUN'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO PROHIBIT CROSS EXAMINATION OF KEVIN SMALL

COMES NOW, Anthony Cheun, through his counsel of record, Erlinda O. Johnson, Esq., and hereby submits the following response in opposition to the government's motion *in limine* to prohibit cross examination of Kevin Small and as reasons therefore submits the following:

### INTRODUCTION

The government has disclosed to the defense information relating to two incidents involving Drug Enforcement Administration (DEA) Agent Kevin Small and instances of untruthful conduct. In 2001, immediately following the catastrophic attacks in New York on September 11, 2001, the U.S. Department of Justice initiated the Air Marshal Program for federal agents to volunteer to work as air marshals on commercial flights. Shortly thereafter, Agent Small generated several false travel orders for a few agents in the Albuquerque DEA office that indicated they had been ordered

1

by headquarters to participate in the air marshal program.  Evidently, the orders were made to appear official but were however fictitious.  Evidently, the agents who had received the orders were not amused, complained and DEA conducted an investigation.  The results of that investigation are unknown to the defense. However, it was noted in the later 2002-2003 incident which is the subject of the government's motion in *limine.*

The government also seeks to preclude the defense from cross-examining Agent Small about an incident occurring in 2002 wherein Agent Small altered an official government report.  According to the information provided to the defense, when Agent Small was questioned about whether or not he had altered the report, he lied and denied any involvement.  While he later called his boss and recanted his misrepresentation, he had nevertheless earlier misrepresented the facts.  Agent Small was disciplined and suspended for two days.

## ARGUMENT

### *Cross Examination of Kevin Small*

Under Federal Rule of Evidence 608(b), specific unrelated instances of a witness's prior misconduct may be used to impeach the witness at the discretion of the court, however, only to the extent the misconduct reflects on the witness's character for truthfulness.  Fed.R.Evid. 608(b).  Effective cross-examination demands that some allowance be made for going into matters of this kind.  Fed.R.Evid. 608, *advisory committee notes*.  While the Court may allow cross-examination into instances of

misconduct, it must first weigh their relevance and probative value pursuant to Federal Rules of Evidence 402 and 403.

Evidence is relevant and therefore admissible if it has any tendency to make a fact or consequence more or less likely. Fed.R.Evid. 401-02. An officer's prior acts of misconduct are clearly consequential if they bear on his credibility. *Cf. United States v. Schuler*, 458 F.3d 1148, 1155 (10th Cir. 2006)(a defendant's credibility is at issue as with any other witness). Cross examination into the conduct of a witness is permitted, in the discretion of the court, if it is probative of truthfulness or untruthfulness concerning the witness's character in that respect. *See United States v. Senak*, 527 F.2d 129 (7th Cir. 1975).

In this case, the government cites to a non-binding district court order in CR 12-966 PJK (D.N.M.) wherein the Court granted the government's motion in limine, *after the defense failed to respond. United States v. Rayvell Vann*, CR-12-966 JPK (doc. 109) (D.N.M. 11/8/12). Agent Small's credibility is central to the issues in this case as his version of events will be important in determining whether or not a seizure indeed occurred and whether the evidence herein must be suppressed. If Agent Small has been involved in incidents of dishonesty, the defense is entitled to question him as this court will be charged with making credibility determinations.

If there are allegations of conduct probative of his truthfulness or untruthfulness, the defense is entitled to cross examine Mr. Small about those instances. Fed.R.Evid. 608(b). Unlike the case cited by the government, *United States v. Beltran-*

*Garcia*, 338 F.App'x. 765 (10th Cir. 209), Agent Small's situation involved an actual finding by his agency of untruthfulness. Indeed, Agent Small himself admitted he had been untruthful when initially questioned about the 2002 incident. As to the 2001, incident, there is no question Agent Small fabricated fictitious orders. The 2001 and 2002-2003, incidents involve instances of untruthfulness on the part of Agent Small and the defense should be allowed to cross-examine him regarding those instances.

Wherefore, for the foregoing reasons, Mr. Cheun respectfully requests this Court allow the defense to cross examine Agent Small about the two instances involving untruthfulness as they go the agent's credibility.

Respectfully Submitted,

Electronically filed on 9/3/14
Erlinda O. Johnson
Attorney for Anthony Cheun
1110 2nd Street N.W.
Albuquerque, N.M. 87102
(505) 792-4048

I hereby certify that a true
and correct copy of the foregoing
was provided, electronically, to
opposing counsel of record via CM/ECF
on this _3d__ day of September, 2014.

Electronically filed on 9/3/14
Erlinda O. Johnson
Attorney at Law