FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 2 3 2015

MATTHEW J. DYKMAN
CLERK


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
)
Plaintiff, ) CRIMINAL NO. 14-CR-0415 JP
)
vs. )
)
ANTHONY CHEUN, )
)
Defendant. )

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, ANTHONY CHEUN, and the Defendant's counsel, ERLINDA JOHNSON, Esquire.

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to plead not guilty, or having already so pleaded, to persist in that plea;

   b. to have a trial by jury; and

   c. at a trial:

      (1) to confront and cross-examine adverse witnesses,

(2) to be protected from compelled self-incrimination,

(3) to testify and present evidence on the Defendant's own behalf, and

(4) to compel the attendance of witnesses for the defense.

**WAIVER OF RIGHTS AND PLEA OF GUILTY**

3. The Defendant agrees to waive these rights and to plead guilty to ~~a one-count~~ Count three of the indictment charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that being Possession With Intent to Distribute a Mixture and Substance Containing Methamphetamine.

**SENTENCING**

4. The Defendant understands that the minimum and maximum penalty the Court can impose is:

    a. imprisonment of up to twenty years;

    b. a fine not to exceed $1 million;

    c. a mandatory term of supervised release of up to three years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.); and

    d. a mandatory special penalty assessment of $100.00.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be

prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## **DEFENDANT'S ADMISSION OF FACTS**

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> On January 29, 2014, I arrived in Albuquerque on Amtrack from Los Angeles, California. I knew I had some drugs packaged inside a sealed gift bag, which was located inside my suitcase. I was travelling with Philip Maddeleni. We were both arrested because we knowingly were carrying drugs together. I knew I was carrying methamphetamine, and that the total weight of what I had and what Maddeleni had was 3.65 kg. I knew that some of the drugs were going to be delivered to another person.

8. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

9. The United States and the Defendant stipulate as follows:

    a. <u>Acceptance of Responsibility</u>. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a **reduction of two levels** from the base offense level as calculated under the sentencing guidelines. Although the United States responded to a motion to suppress evidence, which is substantially equivalent to a trial on the merits in the time and effort taken to respond to a motion that was shown to not be well founded, it elects in this case to extend the additional one point for acceptance for a total reduction of three levels from the base offense level.

    b. <u>Role Adjustment</u>. The defendant is eligible for a **three-level reduction** in offense level because he exhibited a minor/minimal role. Although his services may have been essential, there is no evidence he was anything more than a courier of methamphetamine, with his friend, Mr. Maddaleni.

    c. <u>Safety Valve</u>. The defendant may be eligible for the "safety valve" provisions set forth at 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. If otherwise eligible, Defendant is entitled to a further **reduction of two levels** from the base offense level as calculated under the sentencing guidelines. This reduction depends on, among other requirements of § 3553(f), that the defendant truthfully provided to the Government, before sentencing, all information and evidence concerning the offenses that were part of the same course of conduct underlying this agreement. Additionally, this reduction depends on the

defendant having not more than one criminal history point as determined under the sentencing guidelines. If Defendant is eligible for the safety valve considerations, the United States does not oppose a sentence applying those provisions.

  d. <u>Further Variation or Departure</u>. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant; however, the Defendant **may seek an additional variation or departure**, which the United States may oppose.

  e. <u>Mandatory Detention</u>. Defendant acknowledges that if the Court accepts his plea of guilty, that acceptance will trigger the mandatory detention provisions of 18 U.S.C. § 3143. He may appeal his detention and attempt to show extraordinary circumstances why his detention would be inappropriate. If the Court files the plea agreement and finds a factual basis on the record for a plea that he makes, but does not formally accept the plea, the United States would not oppose continuing Defendant's conditions of release.

  f. <u>Admission of Facts</u>. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

10. The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. The Defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the Defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

12. Defendant recognizes that pleading guilty could have consequences with respect to Defendant's immigration status if Defendant were not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate civil proceeding; however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict with certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant

6

wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if the consequence is Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

13. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction and any sentence and fine within or below the applicable advisory guideline range as determined by the Court. The Defendant specifically agrees not to appeal the Court's resolution of any contested sentencing factor in determining the advisory sentencing guideline range. In other words, the Defendant waives the right to appeal both the Defendant's conviction and the right to appeal any sentence imposed in this case except to the extent, if any, that the Court may depart or vary upward from the advisory sentencing guideline range as determined by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

## GOVERNMENT'S AGREEMENT

14. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

    b. The United States will agree that a sentence at the low end of the properly calculated guideline range is sufficient but not greater than necessary as punishment.

7

d. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

16. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

17. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of a special penalty assessments described above.

## ENTIRETY OF AGREEMENT

18. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding. This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 23 day of February, 2015.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

WILLIAM J. PFLUGRATH
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I am ANTHONY CHEUN's attorney. I have carefully discussed every part of this Agreement with my client, including potential immigration consequences, as applicable. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

ERLINDA JOHNSON
Attorney for the Defendant

I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

ANTHONY CHEUN
Defendant